UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO ZAIZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEACOCK, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01475-AWI-JDP<br><br>SCREENING ORDER<br><br>ECF No. 1<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS UNTIMELY<br><br>OBJECTIONS DUE IN 60 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed October 17, 2019, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that on February 17, 2016 his cell was searched in retaliation of plaintiff filing a complaint against prison employees at another facility. *See* ECF No. 1 at 5. Plaintiff, who has disability accommodations, was forced out of his cell without the use of waist chains or his cane, causing injury to his wrist and shoulder. *See id.* at 4-6. Further, after plaintiff submitted a grievance with the prison about the retaliatory search and lack of accommodations, his grievance appeal was improperly cancelled. *See id.* at 5, 7. Plaintiff was, however, eventually able to get his grievance appeal processed through to the third level of review on July 22, 2016.

Plaintiff's claims appear to be time-barred, according to the dates given on his complaint. California's two-year statute of limitations period for personal injury actions governs plaintiff's

1

§ 1983 claims. *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) ("Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules."). Plaintiff complains of incidents that occurred between February 17, and July 22, 2016, but did not file his complaint until over three years after those incidents, on October 17, 2019. *See* ECF No. 1. Thus, the court will dismiss the complaint as time-barred at the screening stage. *See Belanus v. Clark*, 796 F.3d 1021, 1024-27 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part because prisoner's complaint, on its face, appeared to be time-barred), *cert. denied*, 137 S. Ct. 109 (2016).

**Findings and Recommendations**

We have screened plaintiff's complaint and find that it fails to state a cognizable claim and that amendment would be futile.[1] We recommend that the court dismiss this case with prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within sixty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[1] *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment).

2

IT IS SO ORDERED.

Dated: April 14, 2020

                                                    /s/ Jeremy Peterson
                                         UNITED STATES MAGISTRATE JUDGE

No. 204.